# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| ROBIN C. DUNCAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 06-3353-CV-S-NKL-SSA |

**ORDER**

Pending before the Court is Plaintiff Robin C. Duncan's Motion for Summary Judgment [Doc. # 9]. Duncan seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act and for Supplemental Security Income under Title XVI of the Act. The Administrative Law Judge ("ALJ") found that Duncan was not entitled to benefits, and such determination became the final decision of the Commissioner when the Appeals Council denied Duncan's request for review. Duncan has exhausted his administrative remedies, and jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 405(g). The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Because the Court finds that the ALJ failed to consider Duncan's severe mental impairments, the Court remands the case to the ALJ for further consideration.

1

**I.     Overview**

Duncan was born on October 24, 1956, and was 46 years old on his alleged disability onset date (April 23, 2003). He has a tenth grade education.

Duncan filed his application for disability benefits on December 31, 2003. He alleges disability due to the following severe medical impairments: chronic pain in back, neck, shoulders and hips resulting from an injury sustained in a work place accident in March 2003; recurring pain in his leg and foot and a head injury resulting from the accident; sleep disturbance, fatigue, and impaired memory and concentration; dementia; and major depressive disorder.

Prior to his alleged disability onset date, Duncan worked as a tow truck driver, machinist and factory worker, drill and brake press operator, and as a waterbed salesman. He also previously owned a pawn shop. Duncan worked the ten years prior to his alleged onset date. In eight of the previous ten years, Duncan earned more than $10,000.

**II.    Evidence of Duncan's Mental Impairments**

Dr. Sharol McGeHee, an independent psychological examiner, examined Duncan on November 16, 2005. Based on her clinical interview and testing, Dr. McGeHee diagnosed Duncan with (1) "[d]ementia due to head trauma, without behavioral disturbance" and (2) "Major Depressive Disorder, severe, without psychotic features." (Tr. 276.) She assigned Duncan a Global Assessment of Functioning score of 40, which indicates disabling impairments. (Tr. 277.) Dr. McGeHee also completed a Medical Source Statement-Mental in which she found that Duncan has a medically determined

mental impairment that lasted (or can be expected to last) at least 12 continuous months. Specifically, Dr. McGeHee found that Duncan is moderately limited in his ability to maintain attention and concentration for extended periods, work in coordination with or in proximity to others without being distracted by them, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and set realistic goals or make plans independently of others. (Tr. 278-80.) Dr. McGeHee found that Duncan is markedly limited in his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 278-80.) Dr. McGeHee also found that Duncan acted appropriately during the examination, had intact social judgment skills and had average intelligence. Notwithstanding Duncan's appropriate conduct during the examination, Dr. McGeHee concluded that "[h]is thought processes are distorted, and he has less than adequate contact with reality," and "[h]e is extremely depressed with strong feelings of helplessness, hopelessness, worthlessness, inadequacy, and insecurity." (Tr. 275.)

At his hearing, Duncan testified that he mostly stays at home, avoids going out in public and generally does not socialize with others because of his depression. (Tr. 340.)

**III. The ALJ's Decision**

3

Following the hearing, the ALJ issued a written opinion denying benefits in which he found that Duncan had severe medical impairments including chronic low back pain and morbid obesity. (Tr. 23.) Despite the mental impairments diagnosed by Dr. McGeHee, the ALJ did not find that any of Duncan's mental impairments were "severe" within the meaning of the Social Security regulations at step two of his evaluation.

In the Eighth Circuit, for an impairment not to be considered "severe" within the meaning of the Social Security regulations, it can have "no more than minimal effect on claimant's ability to work." *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996). In this case, Dr. McGeHee found that Duncan suffered from Dementia and Major Depressive Disorder. She concluded that these impairments had lasted or could be expected to last at least 12 consecutive months. Specifically, Dr. McGeHee found that Duncan is moderately limited in his ability to maintain attention and concentration for extended periods, work in coordination with or in proximity to others without being distracted by them, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and set realistic goals or make plans independently of others. (Tr. 278-80.) Dr. McGeHee also found that Duncan is markedly limited in his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 278-80.)

4

In his written opinion, the ALJ highlighted Dr. McGeHee's most positive findings, including her conclusion that Duncan acted appropriately during the examination, had intact social judgment skills and had average intelligence. The ALJ erred when he ignored Dr. McGeHee's findings regarding Duncan's limitations and her conclusion that "[Duncan's] thought processes are distorted, and he has less than adequate contact with reality," and "[h]e is extremely depressed with strong feelings of helplessness, hopelessness, worthlessness, inadequacy, and insecurity." (Tr. 275.) *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990) (an ALJ must not substitute his opinions for those of the physician).

The ALJ further discounted Dr. McGeHee's Major Depressive Disorder diagnosis because Duncan does not take psychotropic medications and because Duncan had not presented subjective complaints of depression to any of his treating physicians. (Tr. 21.) The ALJ, however, ignored Duncan's testimony that he mostly stays at home, avoids going out in public and generally does not socialize with others because of his depression. (Tr. 340.)

Since the step two threshold for determining whether an impairment is severe is so low, and since the ALJ ignored the opinions of Dr. McGeHee who found that Duncan had mental impairments that affected his ability to work, the Court is unable to determine whether the ALJ's determination as a whole is supported by substantial evidence. As a result, the Court concludes that remand for further consideration by the ALJ is warranted under sentence four of the 42 U.S.C. § 405(g). On remand, the ALJ should properly

consider whether Duncan's severe mental impairments, in conjunction with the severe physical impairments found in the ALJ's earlier opinion, preclude Duncan from all employment.

**IV.     Conclusion**

Accordingly, it is hereby

ORDERED that Duncan's Motion for Summary Judgment [Doc. # 9] is GRANTED IN PART.  The decision of the ALJ is REVERSED and the case is REMANDED for further consideration consistent with this ORDER.

 s/   Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 9, 2007
Jefferson City, Missouri